MICHAEL RYAN, Respondent, v. MOSES SMITH, Appellant.

No. 3092; September 14, 1872.

**Ejectment—Admission in Answer.**—In Ejectment an answer that denies entry by the defendant upon the land described in the complaint "except two hundred and fifty feet lying," etc., by this exception admits an entry which the plaintiff is at liberty to treat as an ouster.

**Ejectment—Injunction Against Trespassers.**—It is not usual, if indeed proper, for a judgment in ejectment to be accompanied with a perpetual injunction against trespassers.

APPEAL from Eleventh Judicial District, El Dorado County.

Geo. A. Blanchard for respondent; Geo. E. Williams for appellant.

BELCHER, J.—The contest in this case was in reference to the ownership of a parcel of mining ground, four hundred feet long by two hundred and fifty feet wide. The complaint alleged ownership in the plaintiff since 1860, and that in September, 1870, the defendant entered upon the ground and ousted the plaintiff from the possession thereof, and committed certain acts of trespass thereon. The prayer was for damages and an injunction, and that it be adjudged that plaintiff was the owner and entitled to the possession of the ground and every part thereof. The answer denied the plaintiff's ownership and set up title in the defendant. The court found that the plaintiff had owned all the ground since 1860, except the south seventy by four hundred feet, but that the defendant in 1864 attempted to locate it all, and had since claimed to own it. It was also found that the defendant did not in 1870 enter upon the part belonging to the plaintiff, or commit any acts of trespass thereon. It was adjudged that the plaintiff was the owner and entitled to the possession of all the ground found to be his, and that the defendant, his agents, etc., be perpetually enjoined from mining upon the same, or committing acts of waste thereon, and that the plaintiff recover his costs.

The appeal is upon the judgment-roll, and it is claimed that upon the findings the judgment should have been for the defendant.

The character of the action is not very distinctly marked, but counsel treat it as an action of ejectment, and we shall also so treat it.

The answer in effect admitted that the defendant, in September, 1870, entered upon and took possession of the parcel of land in dispute, by denying that he entered upon or took possession of any part of the land claimed by the plaintiff, "except the two hundred and fifty feet lying immediately north of and adjoining the said middle fence. Said parcel of ground last described being four hundred feet in width from east to west and two hundred and fifty feet from north to south."

This entry the plaintiff was at liberty to treat as an ouster of himself for the purposes of the action, and no proof upon the subject was required. The finding that the defendant did not enter upon or oust the plaintiff from the part belonging to him may, therefore, be disregarded.

It is not usual for a judgment in ejectment to be accompanied by a perpetual injunction against trespassers; and if it is ever proper, we see no occasion for it in this case.

The respective rights of the parties being determined, there is no reason to suppose that either will attempt to trespass upon the other.

We think the judgment should be reversed in so far as it decrees a perpetual injunction against the defendant, and that in all other respects it should be affirmed, but without costs.

And it is so ordered.

We concur: Rhodes, J.; Wallace, C. J.; Niles, J.; Crockett, J.